| iWOODARD, Judge.
This appeal arises from an automobile accident in the parking lot of a Popeye’s Fried Chicken store in Marksville, Louisiana.

FACTS

On June 22, 1991, the plaintiffs, Tanzy Lachney, Jr., and his wife, Lorraine Lach-ney, went to Popeye’s with their friends, John Rhoades, and his wife, Shirley Rhoades, in separate cars to pick up something to eat. Upon their arrival at Popeye’s, the Rhoades were the first to turn into the “drive-thru” lane, and the Lachneys followed in their truck. After the Rhoades placed their order, Mr. Rhoades drove their car around the side of the building to pick it up, and the Lach-neys began to place their order. At approximately this time, the defendant, Tony Dauz-et, cut in line in front of the Lachneys. Mr. Lachney then got out of the truck to ask Mr. Dauzet to move his car. As Mr. Lachney was attempting to get back into his truck, Mr. Dauzet backed into the truck, causing Mr. Lachney to fall backwards and strike his head on the door post.
|2On October 22, 1991, the Lachneys filed suit against Mr. Dauzet and his liability insurance carrier, Louisiana Insurance Guaranty Association, on behalf of Automotive Casualty Insurance Company, which was in liquidation. The case was tried on March 3,1994, and the trial court rendered judgment on April 11, 1994, in favor of the Lachneys as follows:
TANZY LACHNEY, JR.
General Damages $ 7,500.00
Lost Wages 500.00
Past Medical Expenses 956.14
Total $ 8,956.14
LORRAINE LACHNEY
Loss of Consortium $ 750.00
Mr. Dauzet appeals from that judgment and asserts the following assignments of error: The trial court erred in (1) finding that the alleged accident was causally related to the alleged injuries; (2) awarding lost wages; (3) awarding damages which were clearly excessive in quantum; and, (4) awarding damages for loss of consortium.

LAW

WERE MR. LACHNEY’S INJURIES CAUSED BY THE ACCIDENT?

In a personal injury suit, the plaintiff bears the burden of proving causation by the preponderance of the evidence. Morris v. Orleans Parish School Board, 553 So.2d 427 (La.1989). Plaintiffs are aided in proving a causal relationship by the legal presumption that a medical condition producing a disability is presumed to have resulted from the accident if: (1) the injured person was in good health prior to the accident; (2) shortly after the accident the disabling condition manifested itself; and, (3) there is medical *647 evidence that shows there to be a reasonable possibility of a causal connection between the accident and the disabling condition. Dabog v. Deris, 625 So.2d 492 (La.1993).
In the ease sub judice, Mr. Lachney testified that before the accident he was in good health and did not suffer neck and back pains nor headaches. This testimony was corroborated by Mrs. |3Lachney. Mr. Lach-ney stated that immediately after the accident, he felt a “muscle spasm” in his back and then fell to the ground. At that point, he was taken by an ambulance to Humana Hospital in Marksville where medical records indicate that he had some tenderness at the L3-L5 area and a slight narrowing of the L3 disc space. Two days after the accident, his treating physician, Dr. Edmond Kalifey, diagnosed him with a cervical and shoulder sprain because he exhibited “painful neck motions.” Also, a week after the accident, Dr. Kalifey diagnosed him with “posttrau-matie headache” syndrome because he was suffering severe headaches. Finally, Dr. Kalifey clearly stated that his headaches, neck, shoulder, and lower back pains were caused by the accident.
When a plaintiff introduces sufficient evidence to be entitled to the legal presumption of causation, a defendant who contests the cause-in-fact relationship must show some other particular incident could have caused the injury in question to overcome plaintiffs case. Sudduth v. Department of Transportation & Development, 619 So.2d 618 (La.App. 3 Cir.), writ denied, 629 So.2d 349 (La.1993). In the case sub judice, Mr. Dauzet attempted to meet this burden of proof by arguing that Mr. Lachney was involved in an accident in 1989 that involved the same type of injuries. However, Dr. Kalifey unequivocally testified that he treated Mr. Lachney for these injuries between May 16, 1989 and August 15, 1989 and that by 1990 these injuries had “cleared.” In fact, Dr. Kalifey did not see him again until June 24, 1991, two days after the accident at issue. Thus, we conclude that the trial court’s finding of fact that Mr. Lachney’s injuries were caused by the accident was not manifestly erroneous. See Ardoin v. Abdalla, 525 So.2d 642 (La.App. 3 Cir.1988).

LOST WAGES

The core of Mr. Dauzet’s argument is that Mr. Lachney did not introduce sufficient evidence to justify the trial court’s award for lost wages. In Louisiana tort cases, the plaintiff must prove by a preponderance of the evidence the damages caused by the tort-feasor’s fault. ANMAC Foundation Inc. v. St. Patrick Hospital, 594 So.2d 951 (La.App. 3 Cir.1992). Proof is sufficient when it shows that the fact sought to be proved is more probable than not. Id.
The only evidence that Mr. Lachney presented regarding loss of earnings was his own testimony. He testified that he was a self employed gravel truck driver who had three trucks and employed two other drivers, he hired a replacement driver for himself a week after the accident ^because he could not drive the truck; and, he estimated that he lost approximately $2,500 the week following the accident because his truck was not in use. Mr. Dauzet introduced no contradictory evidence regarding lost wages. It is well settled that the plaintiff’s uncorroborated testimony is sufficient to prove lost wages as long as such proof is uncontradicted and reasonably establishes his claim. Richard v. Teague, 636 So.2d 1160 (La.App. 3 Cir.1994). Therefore, we conclude that Mr. Lachney sufficiently carried his burden of proof concerning lost wages. Thus, we find this assignment of error without merit.

WAS THE GENERAL DAMAGE AWARD EXCESSIVE?

The discretion vested in the trier of fact in awarding general damages is “great, and even vast,” so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). It is only when the award is, in either direction, beyond which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Id.
As we noted above, Dr. Kalifey, who treated Mr. Lachney for approximately two *648 months, diagnosed him with a cervical and shoulder sprain and “posttraumatic headache” syndrome. Mr. Lachney testified that his lower back and neck pain lasted three to four months; that at the time of trial, he still had problems with his lower back when he attempted to do mechanical work on his trucks or heavy physical labor; and, that his headaches persisted for six months following the accident. Dr. Kalifey confirmed that it is not unusual for posttraumatic headaches to last “maybe six months, sometimes longer.” Thus, we conclude that the trial court did not abuse its “vast” and “great” discretion in awarding Mr. Lachney $7,500 in general damages. See Spivey v. Super Valu, 575 So.2d 876 (La.App. 2 Cir.1991); Tobin v. Wal-Mart Stores, Inc., 575 So.2d 946 (La. App. 2 Cir.), writ denied, 580 So.2d 928 (La.1991); Veazey v. State Farm Mut. Auto Ins., 587 So.2d 5 (La.App. 3 Cir.1991).

LOSS OF CONSORTIUM

Mr. Dauzet argues that Mrs. Lachney did not introduce sufficient evidence to justify the trial court’s award for loss of consortium. A claim for loss of consortium is broken down into several components, including: (1) loss of love and affection; (2) companionship; (3) sexual relations; (4) the right of performance of material services; (5) the right of support from the spouse; (6) aid and ^assistance; and, (7) loss of felicity. Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144 (La.App. 3 Cir.), writ denied, 565 So.2d 450 (La.1990). Proof of any of these elements is sufficient for an award of consortium. Whitaker v. Mullinax, 628 So.2d 222 (La.App. 2 Cir.1993), writ denied, 635 So.2d 241 (La. 1994).
In the case sub judice, Mrs. Lachney testified that after the accident her husband “wasn’t the same anymore” and that he would “blow up” over “anything.” She stated that before the accident, they enjoyed socializing with their friends on a frequent basis, but that after the accident there were a “lot of times” where he would “flat refuse” and if he did “it just wasn’t the same.” She also stated that there were activities around the house that her husband could no longer do after the accident. It is clear that Mrs. Lachney demonstrated some loss of companionship, aid and assistance, and felicity. Thus, we conclude that the trial court did not abuse its “vast” and “great” discretion in awarding her damages for loss of consortium. Youn, supra.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendants.
AFFIRMED.